UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. 15 CR 438 |
|---|---|
| v. | Judge Sharon Johnson Coleman |
| MUHAMMAD ASIF CHAUDHRY | |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the unopposed motion of the government, pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. Consistent with the terms of Federal Rule of Criminal Procedure 16, the government previously provided certain discovery to defendant. Certain materials still to be disclosed by the government contain particularly sensitive information, including the identity and personal identifying information of Victim A, among other individuals (the "Attorneys'-Eyes-Only Materials"). The Attorneys'-Eyes-Only Materials shall be plainly marked as sensitive by the government prior to disclosure. Neither the Attorneys'-Eyes-Only Materials nor the information contained therein may be disclosed to any persons other than counsel for defendant (defined as counsel of record in this case) or investigators employed by defendant's counsel to assist the defense ("authorized persons"), without prior notice to the government and authorization from the Court. Absent prior permission from the Court, the Attorneys'-Eyes-Only Materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

2. Defendant's counsel and authorized persons shall not copy or reproduce the Attorneys'-Eyes-Only Materials except for use in connection with this case by defendant's counsel and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

3. Defendant's counsel and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Attorneys'-Eyes-Only Materials, and all such notes or records are to be treated in the same manner as the original materials.

4. Before providing the Attorneys'-Eyes-Only Materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order, and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case and shall provide copies of the signed statement of all authorized persons to the government upon request.

5. Upon conclusion of all stages of this case, all of the Attorneys'-Eyes-Only Materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The Attorneys'-Eyes-Only Materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such

Attorneys'-Eyes-Only Materials. In the event that the Attorneys'-Eyes-Only Materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the Attorneys'-Eyes-Only Materials are so maintained, and the Attorneys'-Eyes-Only Materials may not be disseminated or used in connection with any other matter without further order of the Court.

6. To the extent any Attorneys'-Eyes-Only Materials are produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

7. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described above shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court.

8. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

*[signature]*

SHARON JOHNSON COLEMAN
District Judge
United States District Court
Northern District of Illinois

Date: October 7, 2015